IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| SCOTT O'GRADY, | § | |
| | § | CIVIL ACTION NO. 5:02-CV-173 |
| Plaintiff, | § | |
| | § | |
| v. | § | "JURY" |
| | § | |
| TWENTIETH CENTURY FOX FILM CORP. | § | |
| and DISCOVERY COMMUNICATIONS, INC., | § | JUDGE DAVID FOLSOM |
| | § | |
| Defendants. | § | |

## PLAINTIFF SCOTT O'GRADY'S PROPOSED JURY INSTRUCTIONS

Plaintiff Scott O'Grady submits the following proposed jury instructions in accordance

with the Court's Fifth Amended Docket Control Order.

68326:83360 : DALLAS : 1120115.6

**False Advertising (Lanham Act Section 43(a)) – Elements and Burden of Proof**

O'Grady claims that Defendants committed what is called false advertising through false or misleading descriptions of fact or representations of fact in Defendants' commercial advertising or promotion that caused O'Grady to suffer damages.

Under federal law, false advertisement occurs when a person or corporation makes a false or misleading description of fact or a false or misleading representation of fact in commercial advertising or promotion that misrepresents the nature, characteristics, or qualities of the person or corporation's goods, services or commercial activities or another person or corporation's goods, services, or commercial activities.

In order to recover on a false advertising claim, O'Grady must prove the following elements by a preponderance of the evidence:

(1)     A Defendant made a false or misleading description or representation of fact in a commercial advertisement or promotion, which misrepresented the nature, characteristics, or qualities of the Defendants' goods, services or commercial activities OR the Plaintiff's goods, services or commercial activities;

(2)     That false or misleading description or representation of fact deceived OR had the capacity to deceive a substantial segment of potential consumers;

(3)     The deception was material, in that it influenced consumer purchasing decisions;

(4)     The product or service about which the false or misleading description or representation of fact was made involved interstate commerce; and

(5)     The Plaintiff has been OR is likely to be injured as a result.[1]

In this case, element #4 regarding use in interstate commerce is not in dispute between the parties. You should proceed as if that element has been conclusively established.

---

[1] 15 U.S.C. § 1125 (a)(1); *Pizza Hut Inc. v. Papa John's International Inc.,* 227 F.3d 489, 495, 497 (5th Cir. 2000).

68326:83360 : DALLAS : 1120115.6

**False Advertising (Lanham Act Section 43(a)) – False or Misleading Statement of Fact**

A claim for false advertising may be supported by a designation, description or representation ("statement") of fact that is either false or misleading. A false or misleading statement may be either written, oral or pictorial, or any combination thereof. Whether a statement is false or misleading is a question of fact for you to determine.[2]

(1)    Literally False Statement

If the Plaintiff establishes that a Defendant's statement of fact is "literally false," it is not necessary for the Plaintiff to prove that the statement actually misled potential consumers (Element 2 described above) or that the deception likely influenced the purchasing decision of the potential consumers (Element 3 described above), because both of these elements are then conclusively presumed by the court and may not be challenged by a Defendant.[3] In determining whether a statement of fact is "literally false," you must analyze each of the challenged statements in light of the overall context in which it appears. A statement is false on its face (or "literally false") even though the statement is merely implied, if it is a necessary implication.[4]

(2)    Misleading Statement

Even if a statement of fact is not literally false, it may still be actionable if it is misleading in its context, regardless of whether it is vague, ambiguous, or even literally true.[5] In other words, the law deems a misleading statement equally as actionable as one that is literally false.

(3)    Intentionally Misleading Statement

If Plaintiff demonstrates that the Defendant's advertising was intended to be misleading, this will give rise to a presumption of actual deception of consumers (see Element 2 above) and reliance by them upon such misrepresentation (see Element 3 above).[6] In such a case, Plaintiff is relieved of its burden of producing evidence on these elements.[7] If Plaintiff shows that it is entitled to this presumption, the burden shifts to the Defendants to prove the absence of the aforementioned elements.[8]

---

[2] Callman on Unfair Comp, Trademarks & Monopolies § 5.18.65 (4th ed. )(hereinafter "Callman"); *Mead Johnson & Co. v. Abbot Labs.*, 209 F.3d 1032, 1034 (7th Cir. 2000); *Clorox Co. Puerto Rico v. Procter & Gamble Commercial Co.*, 228 F.3d 24 (1st Cir. 2000); *United Indus. Corp. v. Clorox Co.*, 140 F.3d 1175, 1183 (8th Cir. 1998).

[3] *Pizza Hut Inc.*, 227 F.3d at 495.

[4] Callman § 5.18.65; *Clorox Co. Puerto Rico*, 228 F.3d at 34-35; *Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharms. Co.*, 129 F. Supp. 2d 351, 358 (D.N.J. 2000).

[5] *Pizza Hut Inc.*, 227 F.3d at 495, 497, 501.

[6] *U-Haul Int'l, Inc. v. Jartran, Inc.*, 793 F.2d 1034, 1040-41 (9th Cir. 1986); *Porous Media Corp. v. Pall Corp.*, 110 F.3d 1329, 1333 (8th Cir. 1997); *Resource Developers, Inc. v. The Statue of Liberty-Ellis Island Foundation, Inc.*, 926 F.2d 134, 140 (2nd Cir. 1991); Callman §§ 5.18.60 and 5.18.65; Burton, Jury Instructions in Intellectual Property Cases, § 30.27.34 (Rel. 17, Pub. 1997)(hereinafter "Burton")(citing *Porous Media Corp. v. Pall Corp.*, 110 F.3d 1329, 1332-33 (8th Cir. 1997)).

[7] *Id.*

[8] *Id.*

68326:83360 : DALLAS : 1120115.6

## Interrogatory No. 1

## False Advertising (Lanham Act Section 43(a))

Do you find by a preponderance of the evidence that any of the Defendants listed below are liable for False Advertising under Section 43(a) of the Lanham Act?

Answer: "Yes" or "No" as to each Defendant:

Fox: _____

Discovery: _____

If you have answered "Yes" as to both Defendants, answer the following questions, then proceed to the next page; otherwise please continue to the next page.

Do you find that the Defendants acted jointly when they engaged in false advertising under Section 43(a) of the Lanham Act?[9]

Answer: "Yes" or "No"

_____

What percentage of liability do you attribute as to each Defendant for the unlawful conduct you found above?  Your answers must add up to a total of 100%.

Fox: _____ %

Discovery: _____ %

Total:          100 %

_____

[9] *Century 21 Page One Realty v. Naghad*, 760 S.W.2d 305, 310 (Tex. App. – Texarkana 1988, no writ) (defining what it means to act in concert for the purpose of imposing joint and several liability); *McMillen Feeds, Inc. v. Harlow*, 405 S.W.2d 123, 139 (Civ. App. –Austin 1966, ref. n.r.e.).

**False Advertising (Lanham Act Section 43(a)) – Recovery of Profits**

If you find that Plaintiff has established a claim for false advertising against either or both Defendants in response to Interrogatory No. 1, you must consider whether an award of Defendant's profits is appropriate. An award of profits due to the Defendant's unlawful conduct is appropriate (1) to prevent the Defendant(s) from being unjustly enriched (that is, receiving unjust profits) due to their wrongful conduct and (2) to deter the Defendant(s) from engaging in such unlawful conduct in the future.[10] In other words, an award of profits against the Defendants is intended to make the Defendants give up the monetary benefits they receive due to their false advertising. To determine whether to award Defendant's profits to Plaintiff, you should consider the following non-exclusive factors:

    (1)    Whether the Defendant acted willfully, with the intent to confuse or deceive;
    (2)    Whether sales have been diverted;
    (3)    The adequacy of other remedies;
    (4)    Any unreasonable delay by the Plaintiff in asserting his rights;
    (5)    The public interest in making the misconduct unprofitable;
    (6)    Whether it is a case of palming off;
    (7)    Whether Plaintiff has suffered actual damages; and
    (8)    Whether the Defendant has been unjustly enriched as a result of Defendant's wrongful conduct.[11]

You may also consider any other factors which you believe are relevant.[12] Although no one single factor is required to make an award of Defendant's profits, evidence of actual damages, unjust enrichment and/or intent to confuse or deceive are important factors weighing in favor of such an award.[13] An award of Defendant's profits is proper even if the Defendant and Plaintiff are not in direct competition, and the Defendant's infringement has not diverted sales from the Plaintiff.[14]

---

[10] *Quick Technologies, Inc.,* 313 F.3d at 348, (citing *Maltina Corp. v. Bottling Co.,* 613 F.2d 582, 585 (5th Cir. 1980)).
[11] *Quick Technologies, Inc. v. The Sage Group PLC,* 313 F.3d 338, 348-49 (5th Cir. 2002), citing to and reaffirming the Fifth Circuit's factor based test adopted in *Pebble Beach Co. v. Tour 18 Ltd.,* 155 F.3d 526 (5th Cir. 1998) and followed in *Rolex Watch USA, Inc. v. Meece,* 158 F.3d 816, 823 (5th Cir. 1998) and again in *Seatrax, Inc. v. Sonbeck International, Inc.,* 200 F.3d 358, 369 (5th Cir. 2000).
[12] *Id.*
[13] *Id.; Texas Pig Stands, Inc. v. Hard Rock Café International, Inc.,* 951 F.2d 684, 695 (5th Cir. 1992)
[14] *Quick Technologies, Inc. v. The Sage Group PLC,* 313 F.3d at 348 (citing *Maltina Corp. v. Bottling Co.,* 613 F.2d 582, 585 (5th Cir. 1980)).

68326:83360 : DALLAS : 1120115.6

## Interrogatory No. 2

## False Advertising (Lanham Act Section 43(a)) – Recovery of Defendants' Profits

If you have found one or both of the Defendants liable for false advertising, do you find from a preponderance of the evidence that an award of such Defendant's profits is appropriate?

Answer: "Yes" or "No" as to each Defendant:

Fox:        _____

Discovery:  _____

## False Representation/Endorsement (Lanham Act §43(a))

O'Grady also contends that Defendants committed acts constituting false representation or false endorsement. This claim is based upon a section of a Federal statute known as the Lanham Act. Section 43(a) of the Act provides that any person who makes commercial use of any word, term, name, symbol, or device, or any false or misleading representation of fact, which is likely to confuse consumers as to endorsement, association or approval of the goods or services by another person is liable to any person who is likely to be damaged by such acts.[15]

Even if a representation is not literally false, it may still be actionable if it is shown to be misleading in its context, regardless of whether it is vague, ambiguous, innuendo, indirectly imitative or even literally true. In other words, the law deems a misleading representation equally as actionable as one that is literally false.[16]

If you find that O'Grady's name, likeness or identity was used by Defendants in a manner or situation in which it normally would be affiliated, you may infer that the public is likely to be confused as to O'Grady's endorsement of Defendants' goods or services.[17]

---

[15] *Better Business Bureau, Inc. v. Medical Directors, Inc.*, 681 F.2d 397, 400 (5th Cir. 1982); *Tom Waits v. Frito-Lay, Inc.*, 978 F.2d 1093, 1106-1107 (9th Cir. 1992).
[16] *Better Business Bureau*, 681 F.2d at 400.
[17] *Id.* at 403.

68326:83360 : DALLAS : 1120115.6

**False Representation/Endorsement (Lanham Act §43(a)) -- Determining Likelihood of Confusion for Purposes of the Lanham Act**

In determining whether consumers are or were likely to be confused by Defendant's use of Plaintiff's name, likeness or identity respecting Plaintiff's endorsement, association or approval of Defendant or Defendant's goods or services, you may draw upon your common experience as a member of the community. In addition to the general knowledge that you have acquired throughout your lifetime, you should also consider the following:[18]

(1)     The strength or public recognition of O'Grady's name, likeness or identity (and associated good will) (O'Grady's name, likeness or identity, and associated good will, are collectively referred to hereafter as "O'Grady's identity"). The stronger the public's recognition of O'Grady's identity, the more likely it is that consumers would be confused by Defendant's acts as to O'Grady's association with, or endorsement or approval of, Defendant or Defendant's goods or services;[19]

(2)     The similarity between O'Grady's identity and the complained use of the same by Defendant. The similarity of O'Grady's identity to Defendant's use is determined by comparing the appearance, sound, and meaning of the same within the context of Defendant's use[20].

(3)     Whether Defendant used O'Grady's name, likeness or identity in a manner or situation in which it would normally be used, i.e., as an endorsement, association or approval of, Defendant or Defendant's goods or services.[21] If you find that O'Grady's name, likeness or identity was used by Defendant in such a manner, you may infer that the public is likely to be confused as to O'Grady's association with, or endorsement or approval of, Defendant or Defendant's goods or services.[22]

(4)     Whether or not consumers of Defendant's relevant goods or services are also aware of O'Grady's identity.

(5)     Whether there is an overlap in the media used to publicize Defendant's relevant goods or services and O'Grady's identity.

(6)     Whether Defendant used O'Grady's identity with the intent to confuse the public concerning O'Grady's association with, or endorsement or approval of, Defendant or Defendant's goods or services. If you find that O'Grady's identity was used by Defendant with the intent to confuse the public, that alone may be sufficient to justify an inference of a likelihood of confusion.[23] Even if you find that the Defendant believed in good faith that its use

---

[18] *Elvis Presley Enterprises, Inc. v. Capece*, 141 F.3d 188, 194 (5th Cir. 1998).
[19] *Elvis*, 141 F.3d at 201.
[20] *Id.*
[21] *Elvis*, 141 F.3d at 201 (interpreting the third factor on the list, in the context of a celebrity's identity, as being a question of whether or not the public might naturally assume that there is a relationship of sponsorship or endorsement by the senior user, even though the senior user is not a direct competitor with the junior user).
[22] *Better Business Bureau*, 681 F.2d at 403; *Elvis*, 141 F.3d at 202.
[23] *Elvis*, 141 F.3d at 203; Accord *Sunbeam Prods., Inc. v. West Bend Co.*, 123 F.3d 246, 258 (5th Cir. 1997), cert. denied *West Bend Co. v. Sunbeam Prods, Inc.*; 523 U.S. 1118 (1988); *Taco Cabana Intern., Inc. v. Two Pesos, Inc.*,

of O'Grady's identity was justified, an inference that confusion is likely may arise from circumstances that suggest an intent to confuse, such as a failure to take reasonable steps to minimize the risk of confusion.[24]  However, proof of intent is not necessary to a finding of likelihood of confusion.[25]

(7)    Any evidence that the public was actually confused.  You may consider direct evidence as well as survey evidence as proof of actual confusion.[26]  If you find that O'Grady's identity was used by Defendant with the intent to confuse the public, you must then presume that the public was actually confused, unless you find that <u>Defendant</u> has proven by a preponderance of the evidence that the public was not actually confused by its wrongful acts.[27]

The absence or presence of any one factor ordinarily will not determine whether there is a likelihood of confusion, and you need not find even a majority of the factors in order to find likelihood of confusion.  Also, this list of factors is not exhaustive.  You are free to consider other relevant factors in determining whether a likelihood of confusion exists.[28]

---

932 F.2d 1113, 1122-23 n.11 (5th Cir. 1991); *Amstar Corp. v. Domino's Pizza, Inc.,* 615 F.2d 252, 263 (5th Cir. 1980); *Sno-Wizard Mfg. v. Eisemann Prod. Co.,* 791 F.2d 423, 428 (5th Cir. 1986); *Blue Bell Bio-Medical v. Cin-Bad, Inc.,* 864 F.2d 1253, 1259 (5th Cir. 1989); *Chevron Chem. Co. v. Voluntary Purchasing Groups, Inc.,* 659 F.2d 695, 703-04 (5th Cir. 1981); *Exxon Corp. v. Tex. Motor Exch., Inc.,* 628 F.2d 500, 506 (5th Cir. 1980).
[24] *Id.*
[25] *Id.*
[26] *Taco Cabana Intern., Inc. v. Two Pesos, Inc.,* 932 F.2d 1113, 1122 (5th Cir. 1991).
[27] *Boosey & Hawkes Music Publishers, Ltd. v. Walt Disney Co.,* 145 F.3d 481 (2d Cir. 1998)(Our case law "is well settled that in order for a Lanham Act plaintiff to receive an award of *damages* the plaintiff must prove either actual consumer confusion or deception resulting from the violation, . . . or that the defendant's actions were intentionally deceptive thus giving rise to a rebuttable presumption of consumer confusion" *citing George Basch Co. v. Blue Coral, Inc.,* 968 F.2d 1532, 1537 (2d Cir. 1992); Accord *New York Racing Ass'n v. Stroup News Agency Corp.,* 920 F. Supp 295, 300 (N.D.N.Y. 1996) (infringer's deliberate attempt to deceive consumers with the misrepresentation that its unlicensed T-shirts were official, licensed SARATOGA race course T-shirts triggers the presumption that actual confusion is proven; damages and profits were awarded); *Babbit Elecs., Inc. v. Dynascan Corp.,* 38 F.3d 1161, 1179 (11th Cir. 1994).
[28] *Elvis,* 141 F.3d at 194.

68326:83360 : DALLAS : 1120115.6

**<u>Interrogatory No. 3</u>**

**False Representation/Endorsement (Lanham Act §43(a))**

Do you find from a preponderance of the evidence that any of the Defendants listed below made commercial use of any word, term, name, symbol, or device, or any false or misleading representation of fact, which was likely to cause confusion as to the endorsement, association or approval of any of Defendants' goods or services by O'Grady?

Answer: "Yes" or "No" as to each Defendant:

Fox:    _____

Discovery: _____

If you have answered "Yes" as to both Defendants, answer the following questions, then proceed to the next page; otherwise please continue to the next page.

Do you find that the Defendants acted jointly when they made false representations or false endorsements in violation of Section 43(a) of the Lanham Act?[29]

Answer: "Yes" or "No"

_____

What percentage of liability do you attribute as to each Defendant for the unlawful conduct you found above?  Your answers must add up to a total of 100%.

Fox:    _____ %

Discovery:    _____ %

Total:          100 %

_____

[29] *Century 21 Page One Realty v. Naghad,* 760 S.W.2d 305, 310 (Tex. App. – Texarkana 1988, no writ) (defining what it means to act in concert for the purpose of imposing joint and several liability); *McMillen Feeds, Inc. v. Harlow,* 405 S.W.2d 123, 139 (Civ. App. –Austin 1966, ref. n.r.e.).

## False Representation/Endorsement (Lanham Act Section 43(a)) – Recovery of Profits

If you find that Plaintiff has established a claim for false representation/endorsement against either or both Defendants in response to Interrogatory No. 3, you must consider whether an award of Defendant's profits is appropriate. An award of profits due to the Defendant's unlawful conduct is appropriate (1) to prevent the Defendant(s) from being unjustly enriched (that, is receiving unjust profits) due to their wrongful conduct and (2) to deter the Defendant(s) from engaging in such unlawful conduct in the future.[30] To determine whether to award Defendant's profits to Plaintiff, you should consider the following non-exclusive factors:

(1)     Whether the Defendant had willfully, with the intent to confuse or deceive;

(2)     Whether sales have been diverted;

(3)     The adequacy of other remedies;

(4)     Any unreasonable delay by the Plaintiff in asserting his rights;

(5)     The public interest in making the misconduct unprofitable;

(6)     Whether it is a case of palming off;

(7)     Whether Plaintiff has suffered actual damages; and

(8)     Whether the Defendant has been unjustly enriched as a result of Defendant's wrongful conduct.[31]

You may also consider any other factors which you believe are relevant.[32] Although no one single factor is required to make an award of Defendant's profits, evidence of actual damages, unjust enrichment and/or intent to confuse or deceive are important factors weighing in favor of such an award.[33] An award of Defendant's profits is proper even if the Defendant and Plaintiff are not in direct competition, and the Defendant's infringement has not diverted sales from the Plaintiff.[34]

---

[30] *Quick Technologies, Inc.,* 313 F.3d at 348, (*citing Maltina Corp. v. Bottling Co.,* 613 F.2d 582, 585 (5th Cir. 1980)).

[31] *Quick Technologies, Inc. v. The Sage Group PLC,* 313 F.3d 338, 348-49 (5th Cir. 2002), citing to and reaffirming the Fifth Circuit's factor based test adopted in *Pebble Beach Co. v. Tour 18 Ltd.,* 155 F.3d 526 (5th Cir. 1998) and followed in *Rolex Watch USA, Inc. v. Meece,* 158 F.3d 816, 823 (5th Cir. 1998) and again in *Seatrax, Inc. v. Sonbeck International, Inc.,* 200 F.3d 358, 369 (5th Cir. 2000).

[32] *Id.*

[33] *Id.; Texas Pig Stands, Inc. v. Hard Rock Café International, Inc.,* 951 F.2d 684, 695 (5th Cir. 1992)

[34] *Quick Technologies, Inc. v. The Sage Group PLC,* 313 F.3d at 348 (*citing Maltina Corp. v. Bottling Co.,* 613 F.2d 582, 585 (5th Cir. 1980)).

68326:83360 : DALLAS : 1120115.6

## Interrogatory No. 4

**False Representation/Endorsement (Lanham Act Section 43(a)) – Recovery of Defendants' Profits**

If you have found one or both of the Defendants liable for false representation/ endorsement, do you find from a preponderance of the evidence that an award of such Defendant's profits is appropriate?

Answer: "Yes" or "No" as to each Defendant:

Fox: _____

Discovery: _____

## Misappropriation of Name, Likeness or Identity (Right of Publicity)

O'Grady also contends that Defendants committed acts constituting misappropriation of O'Grady's name, likeness or identity. Misappropriation of one's name, likeness or identity is generally referred to as a violation of the "right of publicity." This claim is based upon Texas state law which provides that one who appropriates to his own use or benefit the name, likeness or identity of another is subject to liability to the other for invasion of his privacy. In order to recover for misappropriation or violation of the right of publicity, O'Grady must prove the following elements:

(1)     that Defendant appropriated Plaintiff's name or likeness, or other element of Plaintiff's identity, for the value associated with it, and not in an incidental manner or for a newsworthy purpose;

(2)     that Plaintiff can be identified from the publication; and

(3)     that there was some advantage or benefit to Defendant from its use of Plaintiff's name, likeness or identity.[35]

The right of publicity is designed to protect the interests of individuals in their identities from unauthorized commercial exploitation.[36] An individual has an exclusive legal right to control and profit from the commercial use of their name, personality and identity.[37]

A person's right of publicity may be violated when a defendant employs an aspect of that person's persona in a manner that symbolizes or identifies the person, such as use of the name, nickname, voice, picture, phrase, performing style, distinctive characteristics or other indicia closely associated with a person.[38] In determining whether a person's name, likeness or identity has been misappropriated, you must consider the total context of the defendant's use.[39] The intent, state of mind and degree of knowledge of a defendant may also be considered in resolving this issue.[40] To establish liability, a plaintiff need prove no more than that he or she is reasonably identifiable in defendant's use to more than a de minimus number of persons.[41] A plaintiff is not required to show that consumers were likely to be confused by a defendant's acts.[42]

---

[35] *Matthews v. Wozencraft*, 15 F.3d 432, 437 (5th Cir. 1994); *Henley v. Dillard Dep't Stores*, 46 F. Supp. 2d 587, 590 (N.D. Tex. 1999).

[36] *Henley*, 46 F. Supp.2d at 590 (N.D. Tex. 1999); *Carson v. Here's Johnny Portable Toilets, Inc.*, 698 F.2d 831, 834-35 (6th Cir. 1983).

[37] *Id.*

[38] *Henley*, 46 F. Supp.2d at 591; *Elvis Presley Enterps., Inc., v. Capace*, 950 F. Supp. 783, 801 (S.D. Tex. 1996); *See Matthews*, 15 F.3d at 438 ("likeness" includes such things as pictures, drawings and the use of a singer's distinctive voice).

[39] *Henley*, 46 F. Supp.2d at 594 (citing *J. Thomas McCarthy, 1 The Rights of Publicity & Privacy* § 3.2 (1998) (*McCarthy II*).

[40] *Henley*, 46 F. Supp.2d at 595 (citing *McCarthy II* § 3.2).

[41] *Henley*, 46 F .Supp.2d at 595 (citing *McCarthy II* § 3.4[A]).

[42] *Henley*, 46 F .Supp.2d at 590; *Elvis*, 950 F. Supp. at 801; *Rogers v. Grimaldi*, 875 F.2d 994, 1003-04 (2d Cir. 1989); and *J. Thomas McCarthy, Melville B. Nimmer and the Right of Publicity: A Tribute*, 34 U.C.L.A. L. Rev. 1703, 1704 (1987).

The plaintiff in a right of publicity action is <u>not</u> required to show that the defendant made money off the commercial use of his or her name, likeness or identity.[43]  What a plaintiff must prove is that the defendant received a commercial benefit from use of plaintiff's name, likeness or identity that, without plaintiff's image, he would not otherwise have received (i.e., the use of a celebrity endorsement without paying a fee).[44]  The defendant's intent may be an important consideration in resolving this matter.[45]  Whether the defendant's commercial activities were ultimately successful is irrelevant.[46]

---

[43] *Brown v. Ames*, 201 F.3d 654, 661-62 (5th Cir. 2000), citing *Henley,* 46 F. Supp.2d at 597.
[44] *Henley,* 46 F .Supp.2d at 597.
[45] *Henley,* 46 F. Supp.2d at 596; *see Wendt v. Host Int'l, Inc.,* 125 F.3d 806, 811 (9th Cir. 1997).
[46] *Henley,* 46 F. Supp.2d at 596.

68326:83360 : DALLAS : 1120115.6

## Interrogatory No. 5

**Misappropriation Of Name, Likeness Or Identity**

Do you find from a preponderance of the evidence that any of the Defendants listed below is liable for misappropriating O'Grady's name, likeness, or identity?

Answer: "Yes" or "No" as to each Defendant:

Fox:            _____

Discovery:   _____

If you have answered "Yes" as to both Defendants, answer the following questions, then proceed to the next page; otherwise please continue to the next page.

Do you find that the Defendants acted jointly when they misappropriated O"Grady's name, likeness, or identity?[47]

Answer: "Yes" or "No"

_____

What percentage of liability do you attribute as to each Defendant for the unlawful conduct you found above?  Your answers must add up to a total of 100%.

Fox:            _____ %

Discovery:   _____ %

Total:          100 %

---

[47] *Century 21 Page One Realty v. Naghad,* 760 S.W.2d 305, 310 (Tex. App. – Texarkana 1988, no writ) (defining what it means to act in concert for the purpose of imposing joint and several liability); *McMillen Feeds, Inc. v. Harlow,* 405 S.W.2d 123, 139 (Civ. App. –Austin 1966, ref. n.r.e.).

## Common Law Unfair Competition (Misappropriation / False Endorsement)

O'Grady also contends that Defendants engaged in common law unfair competition by misappropriating O'Grady's name, likeness or image and/or by committing acts constituting false representation or false endorsement. In order to recover for unfair competition under misappropriation or false endorsement, Plaintiff must show by a preponderance of evidence at least one of the following:

(1)    Defendant's representation or statement was likely to cause confusion in the mind of the ordinary consumer as to O'Grady's endorsement or approval of Defendant or Defendant's goods or services;[48] OR

(2)    Defendant appropriated O'Grady's name or likeness for the value associated with it, and not in an incidental manner or for a newsworthy purpose, that O'Grady can be identified from Defendant's work, and that there was some advantage or benefit to the Defendant.[49]

---

[48] *Elvis Presley Enterps., Inc., v. Capace,* 950 F. Supp. 783, 789-90 (S.D. Tex. 1996); *Burge v. Dallas Retail Merchants Ass'n,* 257 S.W.2d 733 (Tex. Civ. App. 1953).
[49] *Matthews v. Wozencraft,* 15 F.3d 432, 437 (5th Cir. 1994); *Plaza Co. v. White,* 160 S.W.2d 312 (Tex. Civ. App. 1942), writ refused (May 27, 1942).

68326:83360 : DALLAS : 1120115.6

## Interrogatory No. 6

## Unfair Competition (Misappropriation / False Endorsement)

Do you find from a preponderance of the evidence that any of the Defendants listed below is liable for engaging in unfair competition by misappropriation or false endorsement?

Answer: "Yes" or "No" as to each Defendant:

Fox: _____

Discovery: _____

If you have answered "Yes" as to both Defendants, answer the following questions, then proceed to the next page; otherwise please continue to the next page.

Do you find that the Defendants acted jointly when they engaged in unfair competition by misappropriation or false endorsement?[50]

Answer: "Yes" or "No"

_____

What percentage of liability do you attribute as to each Defendant for the unlawful conduct you found above? Your answers must add up to a total of 100%.

Fox: _____ %

Discovery: _____ %

Total:          100 %

---

[50] *Century 21 Page One Realty v. Naghad,* 760 S.W.2d 305, 310 (Tex. App. – Texarkana 1988, no writ) (defining what it means to act in concert for the purpose of imposing joint and several liability); *McMillen Feeds, Inc. v. Harlow,* 405 S.W.2d 123, 139 (Civ. App. –Austin 1966, ref. n.r.e.).

68326:83360 : DALLAS : 1120115.6

## Common Law Unfair Competition (False Advertising)

O'Grady also contends that Defendants engaged in common law unfair competition by engaging in false advertising. In order to recover for unfair competition by false advertising, Plaintiff must show by a preponderance of evidence that Defendant committed false advertising through literally false or misleading descriptions of fact or representations of fact in Defendant's commercial advertising or promotion concerning O'Grady's association with or endorsement of Defendant's goods or services that caused O'Grady to suffer damage and injury to the goodwill and reputation associated with O'Grady's identity.[51]

---

[51] *Burge v. Dallas Retail Merchants Ass'n*, 257 S.W.2d 733 (Tex. Civ. App. 1953); *Plaza Co. v. White,* 160 S.W.2d 312 (Tex. Civ. App. 1942), writ refused (May 27, 1942).

68326:83360 : DALLAS : 1120115.6

**Interrogatory No. 7**

**Unfair Competition (False Advertising)**

Do you find from a preponderance of the evidence that any of the Defendants listed below is liable for engaging in unfair competition by engaging in false advertising?

Answer: "Yes" or "No" as to each Defendant:

Fox:     _____

Discovery: _____

If you have answered "Yes" as to both Defendants, answer the following questions, then proceed to the next page; otherwise please continue to the next page.

Do you find that the Defendants acted jointly when they engaged in unfair competition by false advertising?[52]

Answer: "Yes" or "No"

_____

What percentage of liability do you attribute as to each Defendant for the unlawful conduct you found above?  Your answers must add up to a total of 100%.

Fox:     _____ %

Discovery:     _____ %

Total:          100 %

---

[52] *Century 21 Page One Realty v. Naghad,* 760 S.W.2d 305, 310 (Tex. App. – Texarkana 1988, no writ) (defining what it means to act in concert for the purpose of imposing joint and several liability); *McMillen Feeds, Inc. v. Harlow,* 405 S.W.2d 123, 139 (Civ. App. –Austin 1966, ref. n.r.e.).

68326:83360 : DALLAS : 1120115.6

**Civil Conspiracy**

O'Grady further contends that Defendants conspired to commit misappropriation, false advertising, false representation/endorsement, and/or unfair competition against Plaintiff. A conspiracy is a combination of two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means. [53] In order to recover for conspiracy, O'Grady must show the following from a preponderance of evidence:[54]

(1)    Two or more persons;

(2)    An object to be accomplished;

(3)    A meeting of minds or intent to agree[55] on the object or course of action. However, it is not essential that each conspirator know all the details of the conspiracy;[56]

(4)    One or more unlawful, overt acts; and

(5)    Damages as the proximate result.

Conspiracy liability can be based upon circumstantial evidence which supports an inference that the unlawful, overt acts were committed in furtherance of a common design, intention, or purpose of the alleged conspirators.[57] For example, inferences of concerted action may be drawn from joint participation in the subject transactions and from enjoyment of the fruits of the transactions.[58]

If you find that Defendants have committed conspiracy, you must hold each of the Defendants liable for all of the acts done by either of the Defendants in furtherance of the conspiracy,[59] as well as all damages caused thereby, including damages for negligent acts.[60]

---

[53] *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex. 1983).
[54] *Id.*
[55] *Triplex Communications, Inc. v. Riley*, 900 S.W.2d 716, 719 (Tex. 1995).
[56] *Kirby v. Cruce*, 688 S.W.2d 161, 164 (Tex. App. –Dallas 1985, ref. n.r.e.).
[57] *International Bankers Life Ins. Co. v. Holloway*, 368 S.W.2d 567, 581-582 (Tex. 1963).
[58] *Id.*
[59] *Carrol v. Timmers Chevrolet, Inc.*, 592 S.W.2d 922, 926 (Tex. 1979).
[60] *Berry v. Golden Light Coffee Company*, 160 Tex. 128, 327 S.W.2d 436, 437-438 (Tex. 1959).

68326:83360 : DALLAS : 1120115.6

**<u>Interrogatory No. 8</u>**

**Civil Conspiracy**

Do you find by a preponderance of the evidence that Defendants Fox and Discovery were engaged in a civil conspiracy that caused damage to O'Grady?

Answer: "Yes" or "No":

_____

68326:83360 : DALLAS : 1120115.6

**Damages**

I will now instruct you on the elements that you should consider to determine the damages that Plaintiff should recover in this lawsuit. You should not interpret the fact that I am giving instructions about the plaintiff's damages as an indication in any way that I believe that the plaintiff should or should not win this case.[61]

When answering the following questions regarding the Plaintiff's damages, if any, resulting from the conduct alleged in this lawsuit, you should consider each claim separately and independently from the amount of damages, if any, you might award under any other claim brought by Plaintiff. Do not concern yourself with whether Plaintiff would recover damages two times for the same injury. Plaintiff will receive only one monetary recovery. The damages, if any, that you award on each claim will not be added to the damages, if any, that you award on any other claim when doing so would result in a double recovery to the Plaintiff. Plaintiff will recover only one compensatory damage award for his injuries.[62]

---

[61] Fifth Circuit Pattern Jury Instruction (Civil) § 2.22 (1999).

[62] Adapted from the instructions given on December 13, 2003, in *North Dallas Enviroscope, Inc. v. Rainforest Creations, Inc. and Paul Pommaz*, No. 4:00CV388, in the United States District Court for the Eastern District of Texas, Sherman Division.

68326:83360 : DALLAS : 1120115.6

**False Advertising Damages – Actual Damages**

If you have answered "yes" in response to Interrogatory No. 1 as to either or both Defendants, or if you have answered "yes" in response to Interrogatory No. 7 as to either or both Defendants, you must determine the amount of damages to award in favor of Plaintiffs and against Defendant(s) due to their false advertising.

Actual damages means the amount of money which will reasonably and fairly compensate the Plaintiff for any damages you find were caused by the Defendant's unlawful acts. The Plaintiff has the burden of proving actual damages by a preponderance of the evidence. You should consider whether any of the following exists, and if so to what extent, in determining Plaintiff's damages:

(1)     The injury to Plaintiff's reputation;

(2)     The injury to Plaintiff's goodwill, including injury to Plaintiff's general business reputation;

(3)     The lost profits that Plaintiff would have earned but for Defendant's wrongful acts;

(4)     The expense (including time and effort) to prevent consumers from being deceived;

(5)     The cost of future corrective advertising reasonably required to correct any public confusion caused by Defendant's wrongful acts; and

(6)     Any other factors that bear on Plaintiff's actual damages.[63]

---

[63] Adapted from O'Malley, Grenig, & Lee, Federal Jury Practice and Instructions, § 159.91 (5th ed. 2001 (hereinafter "O'Malley"), and Model Civil Jury Instructions, 9th Circuit, § 18.23 (2002).

68326:83360 : DALLAS : 1120115.6

## Interrogatory No. 9

**False Advertising Damages (Lanham Act Section 43(a)) – Actual Damages**

What sum of money do you find from a preponderance of evidence, if any, to be the damages O'Grady has sustained from any or both Defendants' false advertising?

State the amount in dollars and cents:

$ _____

**Actual Damages for False Representation/Endorsement, Misappropriation of Name Likeness or Image, and Unfair Competition**

In his causes of action for false representation/endorsement, misappropriation of name likeness or image, and/or unfair competition, Plaintiff contends that the Defendants unlawfully used Plaintiff to promote the movie *Behind Enemy Lines*. If you have found that the Defendant(s) are liable under any of Plaintiff's claims for false representation/endorsement, misappropriation of name likeness or image, and/or unfair competition, Plaintiff is entitled to recover actual damages to compensate Plaintiff for Defendant's use of his name, likeness, image, and/or endorsement.

To calculate Plaintiff's actual economic damages you should consider the following factors:

(1)     the fair market value of Plaintiff's name, likeness, image, and endorsement as used by Defendant(s) to promote their goods or services;

(2)     the injury to Plaintiff's reputation, goodwill, and professional standing due to Defendants' actions;

(3)     the injury or loss to the value of Plaintiff's name, likeness, image, and endorsement to promote other goods and services in the future;

(4)     the lost profits that Plaintiff would have earned but for Defendant(s)' unlawful conduct;

(5)     the expense of preventing consumers from being deceived; and

(6)     any other factors that bear upon Plaintiff's actual economic damages.[64]

In addition to awarding Plaintiff recovery for his actual economic damages, you may also award Plaintiff recovery for his mental pain and suffering.[65]

---

[64] Adapted from O'Malley, Grenig, & Lee, Federal Jury Practice and Instructions, § 159.91 (5th ed. 2001 (hereinafter "O'Malley"), and Model Civil Jury Instructions, 9th Circuit, § 18.23 (2002) (false endorsement). *See also Taco Cabana,* 932 F.2d at 1126 (false endorsement); *Brown v. Ames,* 201 F.3d 654, 662 (5th Cir. 2000) (misappropriation); *National Bank of Commerce v. Shaklee Corp.,* 503 F. Supp. 533, 545 (W.D. Tex. 1980) (misappropriation and unfair competition); *Tom Waits,* 978 F.2d at 1106, 1111 (9th Cir. 1992) (false endorsement and misappropriation).
[65] *Shaklee Corp.,* 503 F. Supp. at 547-48.

## Interrogatory No. 10

**Actual Damages for False Representation/Endorsement, Misappropriation of Name Likeness or Image, and Unfair Competition**

What is the extent of Plaintiff's damages valued in terms of dollars and cents due to the Defendant(s) conduct in using Plaintiff to promote the movie *Behind Enemy Lines*?

Actual economic damages:   $_____

Mental pain and suffering:   $_____

68326:83360 : DALLAS : 1120115.6

## Unlawfully Earned Profits

If you have found that the either or both Defendants are liable to O'Grady on his any of his claims for false advertising, false representation or endorsement, <u>OR</u> unfair competition, you should state the amount of each Defendant's profits that you find are attributable to the Defendant's unlawful conduct.[66]

In assessing profits, Plaintiff shall be required to prove the Defendant's sales revenues only.[67] Defendant must prove all elements of cost or deduction claimed.[68] The Defendant also bears the burden to prove that its profits, or any portion thereof, were not the result of Defendant's unlawful conduct.[69] If it is difficult or impossible to isolate the profits attributable to Defendant's unlawful conduct, you may properly award all of Defendant's profits to Plaintiff.[70] In such a case, it is proper that a windfall, if any, should go to the injured party rather than the wrongdoer.[71]

---

[66] 15 U.S.C. § 1117(a).
[67] 15 U.S.C. § 1117(a); *Mishawaka Rubber & Woolen Mfg. Co. v. S.S. Kresge Co.*, 316 U.S. 203, 206-207 (1941).
[68] 15 U.S.C. § 1117(a); *Mishawaka*, 316 U.S. at 206-07.
[69] *Mishawaka*, 316 U.S. at 206-07; *Pebble Beach Co. v. Tour 18 Ltd.*, 155 F.3d 526, 554-55 (5th Cir. 1998).
[70] *Mishawaka*, 316 U.S. at 206-07; *Pebble Beach Co.*, 155 F.3d at 555.
[71] *Mishawaka*, 316 U.S. at 206-07; *Pebble Beach Co.*, 155 F.3d at 555.

## Interrogatory No. 11

**Unlawfully Earned Profits**

What amount do you find from a preponderance of the evidence to be the profit each Defendant earned as a result of its unlawful conduct?

State the amount in dollars and cents as to each Defendant:

Fox:   $_____

Discovery: $_____

68326:83360 : DALLAS : 1120115.6

## Exemplary Damages Under Texas Law

If you have found that Plaintiff is entitled to any compensatory damages based upon his claims for misappropriation of name, likeness, or identity, or his claim for unfair competition, you must consider whether to enter an award of exemplary damages against the Defendant(s).

"Exemplary damages", which are often referred to as punitive damages, are damages awarded as a penalty or by way of punishment against the Defendant(s) due to the nature of their unlawful conduct.[72]  You may award punitive damages if you find by clear and convincing evidence that the harm caused by Defendant(s) unlawful conduct resulted from malice.[73]

"Clear and convincing evidence" is evidence that produces in your mind a firm belief of conviction as to the matter at issue.  This involves a greater degree of persuasion than is necessary to meet the preponderance of the evidence standard; however, proof to an absolute certainty is not required.[74]

"Malice" means:

(a)     A specific intent by the Defendant(s) to cause substantial injury to the Plaintiff;
        OR

(b)     An act or omission:

        (i)     which when viewed objectively from the standpoint of the Defendant(s) at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and

        (ii)    of which the actor has actual, subjective awareness of the risk involved, but, nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others.[75]

---

[72] Tex. Civ. Prac. & Rem. Code § 41.001.  Tex. Civ. Prac. & Rem. Code § 41.010 provides that before making an award of exemplary damages, the trier of fact shall consider the definition and purpose of exemplary damages as provided by Section 41.001.
[73] Tex. Civ. Prac. & Rem. Code § 41.001 *et seq.*
[74] Fifth Circuit Pattern Jury Instructions, Civil Cases, § 2.14 (1999).
[75] Tex. Civ. Prac. & Rem. Code § 41.001(7).

68326:83360 : DALLAS : 1120115.6

## Interrogatory No. 12

## Exemplary Damages Under Texas Law

Do you find by clear and convincing evidence that any of the Defendants listed below acted with malice in misappropriating O'Grady's name, likeness or identity and/or in engaging in unfair competition?

Answer: "Yes" or "No" as to each Defendant:

Fox: _____

Discovery: _____

68326:83360 : DALLAS : 1120115.6

**Exemplary Damages Under Texas Law – Determining the Amount**

If you answer "yes" in response to Interrogatory No. 12 as to either or both of the Defendant(s), you must determine the amount of exemplary damages that should be awarded against each Defendant.

The calculation of the appropriate award of exemplary damages is entrusted to your discretion. In considering an award of exemplary damages to award, you should consider the following factors:

(1)   The nature of the wrong;

(2)   The character of the conduct involved;

(3)   The degree of culpability of the wrongdoer;

(4)   The situation and sensibilities of the parties concerned;

(5)   The extent to which such conduct offends a public sense of justice and propriety; and

(6)   the net worth of the Defendant.[76]

---

[76] Tex. Civ. Prac. & Rem. Code § 41.011(a).

## Interrogatory No. 13

### Exemplary Damages Under Texas Law – Determining the Amount

State in dollars and cents the amount of exemplary damages you wish to award against each Defendant for which you answered "yes" to Interrogatory No. 12:

Fox:   $_____

Discovery: $_____

68326:83360 : DALLAS : 1120115.6

Respectfully submitted,

George E. Bowles
   State Bar No. 02743300
   Attorney in Charge
C. W. Flynn
   State Bar No. 07196580
Roy W. Hardin
   State Bar No. 08968300
W. Scott Hastings
   State Bar No. 24002241
Stephen D. Wilson
   State Bar No. 24003187
LOCKE LIDDELL & SAPP LLP
2200 Ross Avenue, Suite 2200
Dallas, TX 75201-6776
Telephone (214) 740-8000
Facsimile (214) 740-8800
gbowles@lockeliddell.com

G. William Lavender
   State Bar No. 11999590
Lavender Law Firm
P. O. Box 1938
Texarkana, Arkansas 75504
Telephone (870) 773-3187
Facsimile (870) 773-3181

ATTORNEYS FOR PLAINTIFF
SCOTT O'GRADY

68326:83360 : DALLAS : 1120115.6

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing "Plaintiff Scott O'Grady's Proposed Jury Instructions " was served upon the following counsel of record via Federal Express this 12th day of December, 2003:

Charles L. Babcock
Nancy Hamilton
JACKSON WALKER L.L.P.
1401 McKinney, Suite 1900
Houston, Texas 77010
(713) 752-4200

George L. McWilliams
PATTON, HALTOM, ROBERTS, McWILLIAMS & GREER, LLP
2900 St. Michael Drive, 4th Floor
Texarkana, Texas 75503
(903) 334-7000

Laura R. Handman
DAVIS, WRIGHT, TREMAINE, L.L.P.
1500 K Street, N.W., Suite 450
Washington, D.C. 20005-1272
(202) 508-6600

Victor Hlavinka
ATCHLEY, RUSSELL, WALDROP & HLAVINKA
1710 Moores Lane
Texarkana, Texas 75503
(903) 792-8246

George E. Bowles

68326:83360 : DALLAS : 1120115.6