IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

DEC 1 5 2003

DAVID J. MALAND, CLERK
BY
DEPUTY_____

| | | |
|---|---|---|
| SCOTT O'GRADY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 502CV173 |
| | § | |
| TWENTIETH CENTURY FOX | § | JURY DEMANDED |
| FILM CORPORATION, and | § | |
| DISCOVERY COMMUNICATIONS, | § | |
| INC., | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS, DEFINITIONS, AND QUESTIONS

Defendants Twentieth Century Fox Film Corporation ("Twentieth Century Fox") and

Discovery Communications, Inc. ("Discovery") (collectively hereafter "Defendants") file this

their proposed Jury Instructions, Definitions, and Questions and would request the jury be

charged in conformity with the attached:



Respectfully submitted,

**JACKSON WALKER L.L.P.**

By: *Charles L. Babcock by permission SFR*

Charles L. Babcock (Attorney-in-Charge)
State Bar No. 01479500
Nancy W. Hamilton
State Bar No. 11587925
Cedric D. Scott
State Bar No. 24013474
1401 McKinney, Suite 1900
Houston, TX 77010
(713) 752-4200
(713) 752-4221 – Fax

George L. McWilliams
PATTON, HALTOM, ROBERTS,
        MCWILLIAMS, & GREER, LLP
2900 St. Michael Drive, 4th Floor
Texarkana, Texas 75503
(903) 334-7000
(903) 334-7007 – Fax

**ATTORNEYS FOR DEFENDANT
TWENTIETH CENTURY FOX FILM
CORPORATION**

DAVIS WRIGHT TREMAINE L.L.P.

By: _Laura R. Handman by permission (FPD)_
Laura R. Handman (Attorney-in-Charge)
Constance M. Pendleton
1500 K Street, N.W., Suite 450
Washington, D.C. 20005-1272
(202) 508-6600
(202) 508-6699 – Fax

Gary L. Bostwick
Davis Wright Tremaine L.L.P.
865 South Figueroa Street, 24th Floor
Los Angeles, CA 90017-2566
(213) 633-6800
(213) 633-6899 – Fax

Victor F. Hlavinka
ATCHLEY, RUSSELL,
WALDROP & HLAVINKA, L.L.P.
1710 Moores Lane
P.O. Box 5517
Texarkana, TX 75505-5517
(903) 792-8246
(903) 792-5801 – Fax

**ATTORNEYS FOR DEFENDANT
DISCOVERY COMMUNICATIONS, INC.**

## CERTIFICATE OF SERVICE

    This is to certify that on this ___15___ day of December, 2003, a true and correct copy of the foregoing Defendants' Proposed Jury Instructions, Definitions, and Questions was served via United States Mail, postage prepaid, upon:

George E. Bowles, Esq.
Locke, Liddell & Sapp. L.L.P.
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201

G. William Lavender, Esq.
Lavender Law
Landmark Building
210 N. State Line, Suite 503
Texarkana, Texas 71854

Laura R. Handman, Esq.
Davis Wright Tremaine L.L.P.
1500 K Street, N.W., Suite 450
Washington, D.C. 20005-1272

Gary L. Bostwick, Esq.
Davis Wright Tremaine L.L.P.
865 South Figueroa Street, 24th Floor
Los Angeles, CA 90017-2566

Victor Hlavinka, Esq.
Atchley, Russell, Waldrop & Hlavinka, P.C.
P.O. Box 5517
Texarkana, TX 75505-5517

_____
Cedric D. Scott

MEMBERS OF THE JURY:

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of the trial or make in these instructions as an indication that I have any opinion about the facts of this case.

You have heard the closing arguments of the attorneys. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

Unless I instruct you otherwise, you must answer all questions from a preponderance of the evidence. By this is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

[You will recall that during the course of this trial I instructed you that certain testimony and certain exhibits were admitted into evidence for a limited purpose and I instructed you that you may consider some documents as evidence against one party but not against another. You may consider such evidence only for the specific limited purposes for which it was admitted. (Specific limiting instructions may be repeated as appropriate.)]

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that

5

reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all of the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence – such as testimony of an eyewitness. The other is indirect or circumstantial evidence – the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field – he/she is called an expert witness – is permitted to state his/her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he/she testifies regularly as an expert witness and his/her income from such testimony represents a significant portion of his/her income.

[Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.]

When you retire to the jury room to deliberate on your verdict, you may take this charge as well as exhibits which the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you about/on your conduct during the trial. After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise. [You may now retire to the jury room to conduct your deliberations.]

GIVEN: _____

REFUSED: _____

MODIFIED: _____

      Signed the _____ day of _____, 2004.


_____
UNITED STATES DISTRICT JUDGE


Fifth Circuit Pattern Jury Instructions: Civil § 3.1 (1999) (modified).

## DEFINITIONS:

The following terms have specific meanings as defined in this section:

"O'Grady" means Scott O'Grady, the plaintiff in this case.

"Twentieth Century Fox" means Twentieth Century Fox Film Corporation, one of the defendants in this case.

"Discovery" means Discovery Communications, Inc., one of the defendants in this case.

The "Movie" means the Twentieth Century Fox film titled "Behind Enemy Lines."

"Discovery Documentary" means the Discovery Channel documentary titled "Behind Enemy Lines: The Scott O'Grady Story."

"November 28 Broadcast" means the November 28, 2001 broadcast of the Discovery Documentary and the Challenged Material.

"Challenged Material" refers collectively to the Twentieth Century Fox advertisements, interstitials, and the tune-ins aired on the Discovery Channel in connection with the November 28, 2001 broadcast of the Discovery Documentary.

"Interstitials" means material created by Discovery and approved by Twentieth Century Fox to air in connection with the November 28 Broadcast on the Discovery Channel.

"BBC" means British Broadcasting Corporation.

"BBC Documentary" means the BBC documentary titled "Missing in Action."

GIVEN:  _____

REFUSED:  _____

MODIFIED:  _____

Signed the \_\_\_\_ day of _____, 2004.

_____
UNITED STATES DISTRICT JUDGE

**INSTRUCTION NO. 1:**   **(Scope of the Claim as Against Discovery)**

O'Grady does not challenge the right of the BBC or Discovery, as its licensee, to broadcast the Discovery Documentary.  O'Grady does not challenge and is making no claim as to the 32 broadcasts of the Discovery Documentary prior to its broadcast on November 28, 2001 and O'Grady does not challenge Discovery's right to broadcast the Discovery Documentary on November 28, 2001.  O'Grady also does not challenge the right of Discovery to seek advertising to air along with the Discovery Documentary.  O'Grady is only challenging the November 28 Broadcast with the Challenged Material aired on the Discovery Channel.


GIVEN:        _____

REFUSED:      _____

MODIFIED:     _____

Signed the ____ day of _____, 2003.


_____
UNITED STATES DISTRICT JUDGE

**INSTRUCTION NO. 2:** **(Scope of the Claim as Against Twentieth Century Fox)**

O'Grady is not challenging the right of Twentieth Century Fox to make a fictional movie about a pilot downed in Bosnia and rescued by the Marines. O'Grady also is not challenging the right of Twentieth Century Fox to make a movie about a fictional pilot downed in Bosnia and rescued by the Marines inspired by O'Grady's true story. O'Grady is not challenging the Twentieth Century Fox-created advertisements for the Movie. O'Grady is only challenging the November 28 Broadcast with the Challenged Material aired on the Discovery Channel.


GIVEN:         _____

REFUSED:      _____

MODIFIED:    _____

Signed the ____ day of _____, 2003.



_____
UNITED STATES DISTRICT JUDGE

**QUESTION NO. 1:**  (Invasion of Privacy - Misappropriation)

Do you find that Twentieth Century Fox and Discovery misappropriated O'Grady's name or likeness in the Challenged Material?

O'Grady must prove all of the following:

1. O'Grady can be identified from the Challenged Material;

2. Twentieth Century Fox and Discovery appropriated O'Grady's name or likeness in the Challenged Material for the commercial value associated with it, and not in an incidental or newsworthy manner or for a newsworthy purpose; and

3. Twentieth Century Fox and Discovery derived some sufficient commercial advantage or benefit from the use of O'Grady's name or likeness that they would not have otherwise received.

Answer "Yes" or "No" as to each Defendant.

Twentieth Century Fox:       _____

Discovery:       _____

If you have answered "Yes" to Question No. 1, go to Question No. 2 and follow the instructions there.  Otherwise, go to Question No. 6.

GIVEN:       _____

REFUSED:       _____

MODIFIED:       _____

Signed the _____ day of _____, 2004.

_____
UNITED STATES DISTRICT JUDGE

*Matthews v. Wozencraft*, 15 F.3d 432, 437 (5th Cir. 1994); *Benavidez v. Anheuser Busch, Inc.*, 873 F.2d 102, 104 (5th Cir. 1989); *Moore v. Big Picture Co.*, 828 F.2d 270, 275 (5th Cir. 1987); *Henley v. Dillard Dep't Stores*, 46 F. Supp.2d. 587, 597 (N.D. Tex. 1999).

11

**INSTRUCTION NO. 3:**     **(Incidental Use)**

"Incidental use" as used in these instructions means either a use of plaintiff's name or likeness that is incidental to a permitted use or a use so insignificant that it is not actionable.

An incidental use of a name or likeness, whether for trade purposes or advertising purposes, is not a misappropriation. An advertisement or promotion for a permitted use is an incidental use that is not a misappropriation.

If you find the use of plaintiff's name or likeness was incidental, you should answer "No" to Question No. 1.

GIVEN:        _____

REFUSED:      _____

MODIFIED:     _____

Signed the ____ day of _____, 2004.

_____
UNITED STATES DISTRICT JUDGE

Federal Jury Practice and Instructions § 125.19 (5th ed. 2000); *Matthews v. Wozencraft*, 15 F.d 432, 437 (5th Cir. 1994); *Groden v. Random House, Inc.*, 61 F.3d 1045, 1049-51 (2d Cir. 1995); *Lane v. Random House, Inc.*, 985 F. Supp. 141, 147-48 (D.D.C. 1995); Restatement (Second) of Torts § 652c comment.

**INSTRUCTION NO. 4:**     **(Newsworthiness privilege)**

Reference to O'Grady's name or likeness in connection with a legitimate mention of his public activities is not a misappropriation. [No person has the right to object merely because his name or likeness is brought before the public because a person's name and likeness are not private matters and are all open to public observation.]

The newsworthiness privilege applies to advertisements for books, films, television programs, and other publications concerning matters of public interest – even if the advertisement proposes a commercial transaction.

When this instruction refers to matters of public interest, it could be something that is broadcast about current or historical news or even matters that are not news, but are at least informative.

If you find the reference to plaintiff's name or likeness was for a newsworthy purpose, you should answer "No" to Question No. 1.

GIVEN:        _____

REFUSED:      _____

MODIFIED:     _____

    Signed the _____ day of _____, 2004.

_____

UNITED STATES DISTRICT JUDGE

*Matthews v. Wozencraft*, 15 F.3d 432, 439 (5th Cir. 1994); *Lane v. Random House*, 985 F. Supp. 141, 146, 147 (D.D.C. 1995); *New Kids on the Block v. News America Pub., Inc.*, 971 F.2d 302, 309-10 (9th Cir. 1992); *Groden v. Random House*, 61 F.3d 1045 (2nd Cir. 1995); *Montana v. San Jose Mercury News*, 34 Cal. App. 4th 790, 793, 40 Cal. Rptr. 2d 639 (Cal. Ct. App. 1995); *Time, Inc. v. Hill*, 385 U.S. 374 (1967).

13

**INSTRUCTION NO. 5:** **(Texas law on misappropriation)**

Under Texas law, the protection that is afforded to a person for his or her name and likeness does not include protection of that person's life story or historic events that happened to a person. A person's life, by itself, does not have the value of a name or likeness that is protected by a claim for misappropriation.

GIVEN: _____

REFUSED: _____

MODIFIED: _____

Signed the _____ day of _____, 2004.


_____
UNITED STATES DISTRICT JUDGE


*Matthews v. Wozencraft*, 15 F.3d 432, 437-38 (5th Cir. 1994).

14

**INSTRUCTION NO. 6:  (Information in the Public Domain)**

If the information at issue is available in the public domain, Twentieth Century Fox and Discovery are not liable for misappropriation because O'Grady no longer maintains the right to control the dissemination of the information.


GIVEN: _____

REFUSED: _____

MODIFIED: _____

Signed the _____ day of _____, 2004.


_____
UNITED STATES DISTRICT JUDGE


*Matthews v. Wozencraft*, 15 F.3d 432, 440 (5th Cir. 1994).

**INSTRUCTION NO. 7:**  (Movies and Television Programs are protected by the First Amendment and the Texas Constitution)

Motion pictures, documentaries and television programs are protected speech under the free speech and free press guaranty of the First Amendment to the United States Constitution and Texas Constitution.


GIVEN:            _____

REFUSED:        _____

MODIFIED:       _____

Signed the ____ day of _____, 2004.


_____
UNITED STATES DISTRICT JUDGE


*Joseph Burstyn, Inc. v. Wilson*, 343 U.S. 495, 502 (1952); *Matthews v. Wozencraft*, 15 F.3d 432, 439-40 (5th Cir. 1994); *Davenport v. Garcia*, 834 S.W.2d 4, 8 (Tex. 1992); *Guglielmi v. Spelling-Goldberg Productions*, 25 Cal. 3d 860, 160 Cal. Rptr. 352, 603 P.2d 454 (1979); *Ruffin-Steinback v. dePasse*, 267 F.3d 457, 461-62 (6th Cir. 2001); *Seale v. Gramercy Pictures*, 964 F. Supp. 918, 928 (E.D. Pa. 1997), *aff'd*, 156 F.3d 1225 (3d Cir. 1998).

If you have answered "Yes" to Question No. 1, then answer the following question.  Otherwise, skip the following question and go to Question No. 6.

**QUESTION NO. 2:  (Waiver)**

Do you find that O'Grady waived his rights to the Discovery Documentary and the November 28 Broadcast with the Challenged Material?

"Waiver" is the intentional surrender of a known right or engaging in conduct not consistent with claiming that right.

Twentieth Century Fox and Discovery have the burden of proving waiver

Answer "Yes" or "No."

_____

Go to Question No. 3.

GIVEN:          _____

REFUSED:      _____

MODIFIED:     _____

Signed the ____ day of _____, 2004.

_____
UNITED STATES DISTRICT JUDGE

*Tenneco Inc. v. Enterprise Products Co.*, 925 S.W.2d 640, 643 (Tex. 1996).

If you have answered "Yes" to Question No. 1, then answer the following question. Otherwise, skip the following question and go to Question No. 6.

## QUESTION NO. 3:   (Consent)

Do you find that, by signing the BBC/O'Grady Release, O'Grady consented to the use of his name and likeness in connection with all future licensed broadcasts of the BBC Documentary, including the Discovery Documentary and the November 28 Broadcast with the Challenged Material?

Twentieth Century Fox and Discovery have the burden of proving consent.

Answer "Yes" or "No."

_____

Go to Question No. 4.

GIVEN:         _____

REFUSED:      _____

MODIFIED:     _____

Signed the _____ day of _____, 2004.

_____
UNITED STATES DISTRICT JUDGE

*Tenneco Inc. v. Enterprise Products Co.*, 925 S.W.2d 640, 643 (Tex. 1996).

If you have answered "Yes" to Question No. 1 and have answered "No" to Question Nos. 2 and 3, then answer the following question. Otherwise, skip the following question and go to Question No. 6.

**QUESTION NO. 4:** **(Invasion of Privacy/Misappropriation, Public Figure Plaintiff, Clear and Convincing, Actual Malice)**

Do you find by clear and convincing evidence that Twentieth Century Fox and Discovery broadcast a false statement through the Challenged Material with actual malice?

"Clear and convincing evidence" means the measure or degree of proof that produces in your mind a firm belief or conviction as to the matter at issue. This involves a greater degree of persuasion than is necessary to meet the preponderance of the evidence standard; however, proof to an absolute certainty is not required.

"Actual malice" means Twentieth Century Fox and Discovery knew the statement was false when broadcast or that Twentieth Century Fox and Discovery in fact entertained serious doubt about its truth when broadcast. Actual malice may not be presumed. Mere negligence is not enough to demonstrate actual malice.

Answer "Yes" or "No" as to each Defendant.

Twentieth Century Fox: _____

Discovery: _____

If you have answered "Yes" to Question No. 4, then go to Question No. 5. Otherwise, go to Question No. 6.

GIVEN: _____

REFUSED: _____

MODIFIED: _____

Signed the _____ day of _____, 2004.

_____
UNITED STATES DISTRICT JUDGE

*Matthews v. Wozencraft*, 15 F.3d 432, 437 (5th Cir. 1994), *Trotter v. Jack Anderson Enterprises, Inc.,* 818 F.2d 431 (5th Cir. 1987); *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 345, 351-52 (1974); *Matthews v. Wozencraft*, 15 F.3d 432, 437, 440 (5th Cir. 1994); *Hoffman v. Capital Cities/ABC, Inc.*, 255 F.3d 1180, 1186-87 (9th Cir. 2001); *Time, Inc. v. Hill*, 385 U.S. 374, 376-78 (1967); Fifth Circuit Pattern Jury Instructions: Civil § 2.14 (1999).

**INSTRUCTION NO. 8:**     (consider damages only if necessary)

     If O'Grady has proven his claims against Twentieth Century Fox and Discovery, you must determine the damages to which O'Grady is entitled.  You should not interpret the fact that I have given instructions about O'Grady's damages as an indication in any way that I believe that O'Grady should, or should not, win this case.  It is your task first to decide whether Twentieth Century Fox and Discovery are liable.  I am instructing you on damages only so that you will have guidance in the event you decide that Twentieth Century Fox and Discovery are liable and O'Grady is entitled to recover money from Twentieth Century Fox and Discovery.

GIVEN:       _____

REFUSED:     _____

MODIFIED:    _____

     Signed the \_\_\_\_ day of _____, 2004.


                         _____
                         UNITED STATES DISTRICT JUDGE


Fifth Circuit Pattern Jury Instructions: Civil § 15.1 (1999); *Time, Inc. v. Hill*, 385 U.S. 374, 376-78 (1967).

**INSTRUCTION NO. 9:**     (Compensatory Damages)

If you find that Twentieth Century Fox and Discovery are liable to O'Grady, then you must determine an amount that is fair compensation for all of O'Grady's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make O'Grady whole – that is, to compensate O'Grady for the damages that O'Grady has suffered.

You may award compensatory damages only for injuries that O'Grady proves were proximately caused by conduct attributable to Twentieth Century Fox and Discovery. The damages that you award must be fair compensation for all of O'Grady's damages, no more and no less. [Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize Twentieth Century Fox and Discovery.] You should not award compensatory damages for speculative injuries, but only for those injuries which O'Grady has actually suffered or that O'Grady is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by unemotional common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that O'Grady prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate for the facts and circumstances in evidence.

You should consider only the following elements of damage, to the extent you find them proved by a preponderance of the evidence:


GIVEN:         _____

REFUSED:      _____

MODIFIED:     _____

Signed the _____ day of _____, 2004.




_____
UNITED STATES DISTRICT JUDGE


Fifth Circuit Pattern Jury Instructions: Civil § 15.2 (1999)(modified).

**INSTRUCTION NO. 10:**  (Multiple claims – Multiple defendants)

You must not award compensatory damages more than once for the same injury.  For example, if O'Grady prevails on two claims and establishes a dollar amount for his injuries, you must not award him any additional compensatory damages on each claim.  O'Grady is only entitled to be made whole once, and may not recover more than he has lost.  Of course, if different injuries are attributed to the separate claims, then you must compensate O'Grady fully for all of his injuries.

With respect to exemplary damages, you must make separate awards on each claim that O'Grady has established.

You may impose damages on a claim solely upon the defendant or defendants that you find are liable on that claim.  Although there are two defendants in this case, it does not necessarily follow that if one is liable, the other is liable.  Each defendant is entitled to fair, separate and individual consideration of his case without regard to your decision as to the other defendants.  If you find that only one defendant is responsible for a particular injury, then you must award damages for that injury only against that defendant.

You may find that both defendants are liable for a particular injury.  If so, O'Grady is not required to establish how much of the injury was caused by each particular defendant whom you find liable.  Thus, if you conclude that the defendants you find liable acted jointly, then you may treat them jointly for purposes of calculating damages.  If you decide that both defendants are jointly liable on a particular claim, then you may simply determine the overall amount of damages for which they are liable, without determining individual percentages of liability, unless I have indicated that you should make a separate determination as to each defendant.  A separate line will be provided in those instances for your determination as to each defendant.

GIVEN:        _____

REFUSED:     _____

MODIFIED:    _____

Signed the _____ day of _____, 2004.


_____
UNITED STATES DISTRICT JUDGE


Fifth Circuit Pattern Jury Instructions: Civil § 15.14 (1999).

23

If you have answered "Yes" to Question Nos. 1 and 4 and "No" to Question Nos. 2 and 3, then answer the following question. Otherwise, do not answer the following question and go to Question No. 6.

## QUESTION NO. 5:   (Misappropriation Damages)

What sum of money, if any, would fairly and reasonably compensate O'Grady for his damages, if any, that resulted from Defendants' commercial misappropriation of O'Grady's name or likeness in the November 28 Broadcast?

Consider the elements of damages listed below and none other. Do not include interest on any amount of damages you find.

a.   The commercial value to Twentieth Century Fox for the use of O'Grady's name and likeness in the Challenged Material.

Answer in dollars and cents, if any. Answer:      $_____

b.   The commercial value to Discovery for the use of O'Grady's name and likeness in the Challenged Material.

Answer in dollars and cents, if any. Answer:      $_____

Go to Question No. 6.

GIVEN:         _____

REFUSED:       _____

MODIFIED:      _____

Signed the ____ day of _____, 2004.


_____
UNITED STATES DISTRICT JUDGE

Texas Pattern Jury Charges PJC 8.2 (2002)(modified); *National Bank of Commerce v. Shaklee Corp.*, 503 F. Supp. 533, 454 (W.D. Tex. 1980); McCarthy, *The Rights of Publicity and Privacy*, § 11:32.

**QUESTION NO. 6:**  (Commercial Speech)

Was the November 28 Broadcast with the Challenged Material commercial speech?

Answer "Yes" or "No."

_____

If you have answered "Yes" to Question No. 6, then go to Question Nos. 7, 8, 11 and 12. Otherwise, go to Question No. 19.

GIVEN:          _____

REFUSED:        _____

MODIFIED:       _____

Signed the _____ day of _____, 2004.

_____
UNITED STATES DISTRICT JUDGE

*Va. State Bd. of Pharmacy v. Va. Citizens Consumer Council, Inc.*, 425 U.S. 748, 771-772 (1976); *Central Hudson Gas & Elec. Corp. v. Public Serv. Comm'n*, 447 U.S. 557, 561 (1980); *Bolger v. Youngs Drug Products Corp.*, 463 U.S. 60, 67, 67 n.14 (1983); *Hoffman v. Capital Cities/ABC, Inc.*, 255 F.3d 1180, 1184 (9th Cir. 2001); *Cincinnati v. Discovery Network, Inc.*, 507 U.S. 410, 423 n. 18 (1993); *Board of Trustees of the State Univ. of New York v. Fox*, 492 U.S. 469, 482 (1989); *Westchester Media v. PRL USA Holdings, Inc.*, 214 F.3d 658, 664-65 (5th Cir. 2000).

25

**INSTRUCTION NO. 11:** **(Definition of Commercial Speech)**

The following factors may help determine whether speech is commercial:

1. Whether the communication is an advertisement;

2. Whether the communication refers to a specific product or service; and

3. Whether the speaker has an economic motivation for the speech.

Speech by means of motion pictures and television programming is included within the free speech and free press guaranty of the First Amendment.

It is the content of the speech which determines whether particular speech is commercial, not merely the economic motive of the speaker. The mere fact that Defendants used the plaintiff's name or likeness in a publication they hoped to make a profit ondoes not by itself mean that that use was one considered by the law to be commercial speech.

The difference between commercial speech and noncommercial speech is a matter of degree. If speech contains both a commercial component and a noncommercial component and there is a significant noncommercial purpose for the message, the message should be afforded the full protection of the First Amendment, the same as messages which are entirely noncommercial.

GIVEN: _____

REFUSED: _____

MODIFIED: _____

Signed the ____ day of _____, 2004.

_____
UNITED STATES DISTRICT JUDGE

*Bolger v. Youngs Drug Products Corp.*, 463 U.S. 60, 67, 67 n.14 (1983); *Va. State Bd. of Pharmacy v. Va. Citizens Consumer Council, Inc.*, 425 U.S. 748, 771-772 (1976); *Cincinnati v. Discovery Network, Inc.*, 507 U.S. 410, 423 n. 18 (1993); *Board of Trustees of the State Univ. of New York v. Fox*, 492 U.S. 469, 482 (1989); *Central Hudson Gas & Elec. Corp. v. Public Serv. Comm'n*, 447 U.S. 557, 561 (1980); Hoffman v. Capital Cities/ABC, Inc., 255 F.3d 1180, 1184 (9th Cir. 2001); *Westchester Media v. PRL USA Holdings, Inc.*, 214 F.3d 658, 664-65 (5th Cir. 2000); *Joseph Burstyn, Inc. v. Wilson*, 343 U.S. 495, 502 (1952).

If you have answered "Yes" to Question No. 6, then answer the following question. Otherwise, do not answer the following question and go to Question No. 19.

**QUESTION NO. 7:** **(Lanham Act/Common law - False Advertising)(affirmative finding of commercial speech)**

Do you find that Twentieth Century Fox and Discovery broadcast a statement falsely advertising that the Movie was O'Grady's actual story in the November 28 Broadcast?

O'Grady must prove all of the following:

1.      Twentieth Century Fox and Discovery broadcast a false or misleading statement of fact about a commercial product;

2.      Such statement has either actually deceived, or had the potential to deceive a substantial segment of potential consumers;

3.      The deception was material, in that it tended to influence the consumer's purchasing decision;

4.      Twentieth Century Fox and Discovery caused the product to enter interstate commerce; and

5.      O'Grady has been or is likely to be injured as a result of the statement.

Answer "Yes" or "No" as to each Defendant.

Twentieth Century Fox:          _____

Discovery:          _____


If you answered "Yes" to Question No. 7, go to Question No. 8. Otherwise, do not answer the following question and go to Question No. 9.


GIVEN:          _____

REFUSED:          _____

MODIFIED:          _____

Signed the ____ day of _____, 2004.

_____

UNITED STATES DISTRICT JUDGE

*King v. Ames*, 179 F.3d 370, 373-74 (5th Cir. 1999); *Pizza Hut, Inc. v. Papa John's International, Inc.*, 227 F.3d 489 (5th Cir. 2000).

If you have answered "Yes" to Question Nos. 6 and 7, then answer the following question. Otherwise, do not answer the following question and go to Question No. 9.

**QUESTION NO. 8:**   (Intended False Meaning – Advertising)

Do you find that Twentieth Century Fox intended to convey that the Movie was O'Grady's story?

Answer "Yes" or "No":          _____

Do you find that Discovery intended to convey that the Movie was O'Grady's story?

Answer "Yes" or "No":          _____

Go to Question No. 9.

GIVEN:          _____

REFUSED:          _____

MODIFIED:          _____

Signed the ____ day of _____, 2004.

_____
UNITED STATES DISTRICT JUDGE

*White v. Fraternal Order of Police*, 909 F.2d 512, 520 (D.C. Cir. 1990); *Chapin v. Knight-Ridder, Inc.*, 993 F.2d 1087, 1093 (4th Cir. 1993); *Dodds v. ABC, Inc.*, 145 F.3d 1053, 1064 (9th Cir. 1998), *cert. denied*, 525 U.S. 1102 (1999); *Newton v. NBC, Inc.*, 930 F.2d 662 (9th Cir. 1990), *cert. denied*, 502 U.S. 866 (1991).

If you have answered "Yes" to Question No. 6, then answer the following question. Otherwise, do not answer the following question and go to Question No. 19.

## QUESTION NO. 9:   (Lanham Act – False Endorsement)(affirmative finding of commercial speech)

Do you find that Twentieth Century Fox and Discovery broadcast a false statement that O'Grady endorsed the Movie through the November 28 Broadcast?

O'Grady must prove all of the following:

1.    Twentieth Century Fox and Discovery broadcast a false statement of endorsement relating to O'Grady;

2.    Such statement has either actually deceived, or had the potential to deceive a substantial segment of potential consumers;

3.    The deception was material, in that it tended to influence the consumer's purchasing decision;

4.    O'Grady has been or is likely to be injured as a result of the statement.

Answer "Yes" or "No" as to each Defendant

Twentieth Century Fox:            _____

Discovery:                               _____


If you answered "Yes" to Question No. 9, go to Question No. 10. Otherwise, do not answer the following question and go to Question No. 11.

GIVEN:            _____

REFUSED:        _____

MODIFIED:       _____

Signed the ____ day of _____, 2004.


                                         _____
                                         UNITED STATES DISTRICT JUDGE

*Better Business Bureau of Metropolitan Houston, Inc. v. Medical Directors, Inc.*, 681 F.2d 397 (5th Cir. 1982); *Pizza Hut, Inc. v. Papa John's International, Inc.*, 227 F.3d 489 (5th Cir. 2000).

If you have answered "Yes" to Question Nos. 6 and 7, then answer the following question. Otherwise, do not answer the following question and go to Question No. 11.

**QUESTION NO. 10: (Intended False Meaning - Endorsement)**

Do you find that Twentieth Century Fox intended to convey that O'Grady endorsed the Movie?

Answer "Yes" or "No": _____

Do you find that Discovery intended to convey that O'Grady endorsed the Movie?

Answer "Yes" or "No": _____

Go to Question No. 11.

GIVEN: _____

REFUSED: _____

MODIFIED: _____

Signed the _____ day of _____, 2004.

_____
UNITED STATES DISTRICT JUDGE

*White v. Fraternal Order of Police*, 909 F.2d 512, 520 (D.C. Cir. 1990); *Chapin v. Knight-Ridder, Inc.*, 993 F.2d 1087, 1093 (4th Cir. 1993); *Dodds v. ABC, Inc.*, 145 F.3d 1053, 1064 (9th Cir. 1998), *cert. denied*, 525 U.S. 1102 (1999); *Newton v. NBC, Inc.*, 930 F.2d 662 (9th Cir. 1990), *cert. denied*, 502 U.S. 866 (1991).

If you have answered "Yes" to Question No. 6, then answer the following question.  Otherwise, do not answer the following question and go to Question No. 13.

## QUESTION NO. 11: (Common Law Unfair Competition)

Do you find that O'Grady is a competitor of Twentieth Century Fox and Discovery?

Answer "Yes" or "No" as to each Defendant

Twentieth Century Fox: _____

Discovery: _____

If you have answered "Yes" to Question No. 11, then go to Question No. 12.  Otherwise, do not answer the following question and go to Question No. 13.

GIVEN: _____

REFUSED: _____

MODIFIED: _____

Signed the ____ day of _____, 2004.

_____
UNITED STATES DISTRICT JUDGE

*Schoellkopf v. Pledger*, 778 S.W.2d 897, 904 (Tex. App.—Dallas 1989, writ denied); *Featherstone v. Independent Service Station Ass'n of Texas, et al.*, 10 S.W.2d 124, 128 (Tex. Civ. App.—Dallas 1928, no writ).

If you have answered "Yes" to Question Nos. 6 and 11, then answer the following question. Otherwise, do not answer the following question and go to Question No. 13.

## QUESTION NO. 12: (Common Law Unfair Competition)

Do you find that Twentieth Century Fox and Discovery broadcast the Challenged Material to pass off the Movie as O'Grady's story?

Answer "Yes" or "No" as to each Defendant

Twentieth Century Fox: _____

Discovery: _____

If you have answered "Yes" to Question No. 6, Question Nos. 7 and 8 or Question Nos. 9 and 10 or Question Nos. 11 and 12, then go to Question No. 13. Otherwise, do not answer the following question and go to Question No. 19.

GIVEN: _____

REFUSED: _____

MODIFIED: _____

Signed the ____ day of _____, 2004.

_____
UNITED STATES DISTRICT JUDGE

*Taylor Publ'g Co. v. Jostens, Inc.*, 36 F. Supp.2d 360, 374 (E.D. Tex. 1999), *aff'd*, 216 F.3d 465 (5th Cir. 2000).

**INSTRUCTION NO. 12:**   **(Unfair Competition)**

Under Texas law, "unfair competition" involves the question whether Twentieth Century Fox and Discovery attempted to use the Challenged Material to pass off the Movie as the work of O'Grady by virtue of a substantial similarity between the Movie and O'Grady's life story, leading to confusion on the part of potential customers.

O'Grady must show that deception naturally and probably resulted from the broadcast of the Challenged Material or that the public was likely deceived or confused.

GIVEN:         _____

REFUSED:       _____

MODIFIED:      _____

Signed the ____ day of _____, 2004.


_____
UNITED STATES DISTRICT JUDGE


*Playboy Enterprises, Inc. v. Webbworld, Inc.*, 991 F. Supp. 543, 557 (N.D. Tex. 1997)(*quoting Volkswagenwerk Aktiengesellschaft v. Richard*, 492 F.2d 474, 478 (5th Cir. 1974).

If you have answered "Yes" to Question No. 6 and Question Nos. 7 and 8, Question Nos. 9 and 10, or Questions Nos. 11 and 12, then answer the following question.  Otherwise, do not answer the following question and go to Question No. 19.

## QUESTION NO. 13: (Damages)

What sum of money, if any, would fairly and reasonably compensate O'Grady for his damages, if any, that were proximately caused by the Challenged Material?

Consider the elements of damages listed below and none other.  Do not include interest on any amount of damages you find.

a.   The commercial value to Twentieth Century Fox for the use of O'Grady's name and likeness in the Challenged Material:

Answer in dollars and cents, if any.   Answer:   $ _____

b.   The commercial value to Discovery for the use of O'Grady's name and likeness in the Challenged Material:

Answer in dollars and cents, if any.   Answer:   $ _____

GIVEN:   _____

REFUSED:   _____

MODIFIED:   _____

Signed the ____ day of _____, 2004.

_____
UNITED STATES DISTRICT JUDGE

Texas Pattern Jury Charges PJC 8.2 (2002)(modified).

36

If you have answered "Yes" to Question Nos. 6, 7 and 8, then answer the following question. Otherwise, do not answer the following question and go to Question No. 16.

## QUESTION NO. 14: (Profit Disgorgement – Lanham Act – Willfulness - Advertising)

Do you find that Twentieth Century Fox and Discovery acted willfully or in bad faith in broadcasting an advertisement that falsely stated that the Movie was O'Grady's story?

"Willfully" means to do an act voluntarily and intentionally and with the specific intent to cause the likelihood of consumer confusion and with the intent to cause confusion, to cause mistake or to deceive.

"Bad faith" means to do an act with deliberate intent to deceive.

Answer "Yes" or "No" as to each Defendant.

Twentieth Century Fox:   _____

Discovery:   _____

If you answered "Yes" to Question No. 14, then go to Question No. 15.  Otherwise, do not answer the following question and go to Question No. 16.

GIVEN:   _____

REFUSED:   _____

MODIFIED:   _____

Signed the _____ day of _____, 2004.

_____
UNITED STATES DISTRICT JUDGE

15 U.S.C. 1117(a); *Rolex Watch USA, Inc. v. Meece*, 158 F.3d 816, 823-24 (5th Cir. 1998); *Pebble Beach Co. v. Tour 18 I Ltd.*, 155 F.2d 526, 554 (5th Cir. 1998); *Banff, Ltd. v. Colberts, Inc.*, 996 F.2d 33, 35 (2d Cir. 1993); *George Basch Co, Inc. v. Blue Coral Inc.*, 968 F.2d 1352, 1355-58 (2d Cir. 1992); *Quick Technologies, Inc. v. The Sage Group PLC*, 313 F.3d 338, 343 (5th Cir. 2002).

If you have answered "Yes" to Question No. 6 and Question Nos. 7, 8, and 14, then answer the following question. Otherwise, do not answer the following question and go to Question No. 16.

**QUESTION NO. 15:** **(Profit Disgorgement – Lanham Act – Gained or Lost Sales or Profits - Advertising)**

      a.    Do you find that Twentieth Century Fox and Discovery gained sales or profits due to the false advertising?

Answer "Yes" or "No" as to each Defendant.

    Twentieth Century Fox:        _____

    Discovery:        _____

      b.    Do you find that O'Grady lost sales or profits due to the false advertising?

Answer "Yes" or "No" as to each Defendant.

    Twentieth Century Fox:        _____

    Discovery:        _____

Go to Question No. 16.

GIVEN:     _____

REFUSED:     _____

MODIFIED:     _____

    Signed the \_\_\_\_ day of _____, 2004.

                           _____
                           UNITED STATES DISTRICT JUDGE

*Logan v. Burgers Ozark Country Cured Hams Inc.*, 263 F.3d 447, 464-65 (5th Cir. 2001); *Decorative Center of Houston v. Direct Response Publications, Inc.*, 264 F. Supp. 2d 535, 552 (S.D. Tex. 2003).

If you have answered "Yes" to Question Nos. 6, 9 and 10, then answer the following question. Otherwise, do not answer the following question and go to Question No. 18.

**QUESTION NO. 16:** (Profit Disgorgement – Lanham Act – Willfulness - Endorsement)

Do you find that Twentieth Century Fox and Discovery acted willfully or in bad faith in broadcasting an advertisement that falsely stated that O'Grady endorsed the Movie?

"Willfully" means to do an act voluntarily and intentionally and with the specific intent to cause the likelihood of consumer confusion and with the intent to cause confusion, to cause mistake or to deceive.

"Bad faith" means to do an act with deliberate intent to deceive.

Answer "Yes" or "No" as to each Defendant.

Twentieth Century Fox:        _____

Discovery:        _____


If you answered "Yes" to Question No. 16, then go to Question No. 17.  Otherwise, do not answer the following question and go to Question No. 19.


GIVEN:        _____

REFUSED:        _____

MODIFIED:        _____

Signed the _____ day of _____, 2004.



_____
UNITED STATES DISTRICT JUDGE

15 U.S.C. 1117(a); *Rolex Watch USA, Inc. v. Meece*, 158 F.3d 816, 823-24 (5th Cir. 1998); *Pebble Beach Co. v. Tour 18 I Ltd.*, 155 F.2d 526, 554 (5th Cir. 1998); *Banff, Ltd. v. Colberts, Inc.*, 996 F.2d 33, 35 (2d Cir. 1993); *George Basch Co, Inc. v. Blue Coral Inc.*, 968 F.2d 1352, 1355-58 (2d Cir. 1992); *Quick Technologies, Inc. v. The Sage Group PLC*, 313 F.3d 338, 343 (5th Cir. 2002).

If you have answered "Yes" to Question No. 6 and Question Nos. 9, 10 and 16, then answer the following question. Otherwise, do not answer the following question and go to Question No. 19.

**QUESTION NO. 17:** **(Profit Disgorgement – Lanham Act – Gained or Lost Sales or Profits - Endorsement)**

      a.     Do you find that Twentieth Century Fox and Discovery gained sales or profits due to the false statement that O'Grady endorsed the Movie?

Answer "Yes" or "No" as to each Defendant.

      Twentieth Century Fox:     _____

      Discovery:     _____

      b.     Do you find that O'Grady lost sales or profits due to the false statement that O'Grady endorsed the Movie?

Answer "Yes" or "No" as to each Defendant.

      Twentieth Century Fox:     _____

      Discovery:     _____

If you have answered "Yes" to Question Nos. 14 and 15 or Question Nos. 16 or 17, then answer the following question. Otherwise, do not answer the following question and go to Question No. 19.

GIVEN:     _____

REFUSED:     _____

MODIFIED:     _____

      Signed the _____ day of _____, 2004.

                         _____
                         UNITED STATES DISTRICT JUDGE

*Logan v. Burgers Ozark Country Cured Hams Inc.*, 263 F.3d 447, 464-65 (5th Cir. 2001); *Decorative Center of Houston v. Direct Response Publications, Inc.*, 264 F. Supp. 2d 535, 552 (S.D. Tex. 2003).

If you have answered "Yes" as to Question Nos. 14 and 16 or Question Nos. 15 and 17, then answer the following question. Otherwise, skip the following question and go to Question No. 19.

## QUESTION NO. 18: (Profit Disgorgement – Lanham Act)

What is the amount of profit, if any, that you find by a preponderance of the evidence to have been earned by Twentieth Century Fox and Discovery that is attributable to the use of O'Grady's name or likeness in a false advertisement or false endorsement contained in the Challenged Material?

Answer in dollars and cents, if any, as to each Defendant.

Twentieth Century Fox:   $_____

Discovery:   $_____

Go to Question No. 19.

GIVEN:   _____

REFUSED:   _____

MODIFIED:   _____

Signed the _____ day of _____, 2004.

_____
UNITED STATES DISTRICT JUDGE

Ninth Circuit Manual of Model Jury Instructions 18.24 (2001)(modified).

**INSTRUCTION NO. 13:** **(Profit Disgorgement – Lanham Act)**

O'Grady may be entitled to any profits earned by Twentieth Century Fox and Discovery that are attributable to the alleged misappropriation, which O'Grady must prove by a preponderance of the evidence. You may not, however, include in any award of profits any amount that you took into account in determining actual damages.

You may not award Twentieth Century Fox's profits unless you find that Twentieth Century Fox acted willfully or in bad faith.

You may not award Discovery's profits unless you find that Discovery acted willfully or in bad faith.

Twentieth Century Fox and Discovery acted "willfully" or in "bad faith" if they acted with deliberate intent to deceive.

You may not award Twentieth Century Fox's profits unless you find that Twentieth Century Fox benefited (*i.e.*, gained sales or profits), or that plaintiff lost sales or profits due to the false advertising or false endorsement.

You may not award Discovery's profits unless you find that Discovery benefited (*i.e.*, gained sales or profits), or that plaintiff lost sales or profits due to the false advertising or false endorsement.

Profit is determined by deducting all expenses from gross revenue.

Gross revenue is all of Twentieth Century Fox and Discovery's receipts resulting from the use of O'Grady's name or likeness. Plaintiff has the burden of proving gross revenue by a preponderance of the evidence.

Expenses are all operating, overhead and production costs incurred in producing the gross revenue. Twentieth Century Fox and Discovery have the burden of proving the expenses and the portion of the profit attributable to factors other than a false advertisement or a false endorsement.

If you find that Twentieth Century Fox and Discovery have proven that only a portion of profits were earned due to false advertisement or false endorsement found in the Challenged Material, then you should award only that percentage of profits that were earned due to these falsities.


GIVEN:          _____

REFUSED:        _____

MODIFIED:       _____

Signed the _____ day of _____, 2004.


_____
UNITED STATES DISTRICT JUDGE

Ninth Circuit Manual of Model Jury Instructions 18.24 (2001)(modified); 15 U.S.C. 1117(a); *Rolex Watch USA, Inc. v. Meece*, 158 F.3d 816, 823-24 (5th Cir. 1998); *Pebble Beach Co. v. Tour 18 I Ltd.*, 155 F.2d 526, 554 (5th Cir. 1998); *Banff, Ltd. v. Colberts, Inc.*, 996 F.2d 33, 35 (2d Cir. 1993); *George Basch Co, Inc. v. Blue Coral Inc.*, 968 F.2d 1352, 1355-58 (2d Cir. 1992); *Logan v. Burgers Ozark Country Cured Hams Inc.*, 263 F.3d 447, 464-65 (5th Cir. 2001); *Decorative Center of Houston v. Direct Response Publications, Inc.*, 264 F. Supp. 2d 535, 552 (S.D. Tex. 2003).

If you have answered "Yes" to Question No. 1, Question No. 7, Question No. 9, or Question Nos. 11 and 12, then answer the following question.  Otherwise, STOP.

## QUESTION NO. 19: (Civil Conspiracy)

Were Twentieth Century Fox and Discovery part of a conspiracy that damaged O'Grady?

To be part of a conspiracy, Twentieth Century Fox and Discovery must have had knowledge of, agreed to, and intended a common objective or course of action that resulted in the damages to O'Grady.  One or more persons from each defendant company involved in the conspiracy must have performed some act or acts to further the conspiracy.

O'Grady must prove:

1.  One or more persons from Twentieth Century Fox and one or more persons from Discovery;

2.  An object to be accomplished;

3.  A meeting of the minds on the object or course of action;

4.  One or more unlawful, overt acts; and

5.  Damages to O'Grady as a proximate result.

Answer "Yes" or "No" as to each Defendant.  If you answer "No" as to any one Defendant, STOP and do not answer as to the other Defendant.

Twentieth Century Fox:          _____

Discovery:                      _____

Go to Question No. 20.

GIVEN:       _____

REFUSED:     _____

MODIFIED:    _____

Signed the ____ day of _____, 2004.

45

UNITED STATES DISTRICT JUDGE

Texas Pattern Jury Charges PJC 109.1 (2002)(modified); *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex. 1983); *Triplex Communications, Inc. v. Riley*, 900 S.W.2d 716, 719-20 (Tex. 1995); *Schlumberger Well Surveying Corp. v. Nortex Oil & Gas Corp.*, 435 S.W.2d 854, 856 (Tex. 1968).

**INSTRUCTION NO. 14:**     (Civil Conspiracy)

For there to be a conspiracy, some act must be committed which if done alone would give rise to a cause of action. Liability for conspiracy depends on participation in some underlying tort.

The plaintiff must prove defendant intended to participate in a conspiracy.

GIVEN:          _____

REFUSED:        _____

MODIFIED:       _____

Signed the _____ day of _____, 2004.


_____
UNITED STATES DISTRICT JUDGE


*Bank One, Texas, N.A. v. Stewart*, 967 S.W.2d 419, 446 (Tex. App.—Houston [14[th] Dist.] 1998, pet. denied); *Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex. 1996); *Times Herald Printing Co. v. A.H. Belo Corp.*, 820 S.W.2d 206, 216 (Tex. App.—Houston [14[th] Dist.] 1991, no writ).

**INSTRUCTION NO. 15:**  **(Exemplary Damages)**

You should presume that plaintiff has been made whole for his injuries by an award of compensatory damages. Compensatory damages are intended to make up for plaintiff's concrete loss, if any, that he has suffered because of defendants' wrongful conduct, if any.

Unlike compensatory damages, exemplary or "punitive" damages are aimed at punishing defendants and preventing future similar conduct. They serve the same purposes as criminal penalties.

You must take into account two factors on an exemplary damages award:

First, exemplary damages should only be awarded on top of compensatory damages if the defendants' wrongful conduct was so awful that further sanctions are necessary for punishment or deterrence. You should consider: (1) whether the harm caused to plaintiff was physical as opposed to economic; (2) whether the defendants acted with indifference to or had a reckless disregard for the health and safety of plaintiff; (3) whether plaintiff was financially vulnerable; (4) whether the defendants' conduct involved repeated actions as opposed to an isolated incident; and (5) whether the harm to plaintiff was the result of defendants' intentional malice, trickery, or deceit.

Second, the amount of exemplary damages must be both reasonable and in proportion to the harm to plaintiff and to plaintiff's general damages. The wealth of defendants cannot justify an otherwise unconstitutional or inappropriate exemplary damage award.


GIVEN:            _____

REFUSED:         _____

MODIFIED:       _____

Signed the ____ day of _____, 2004.


_____
UNITED STATES DISTRICT JUDGE

*State Farm Mutual Automobile Insurance Co. v. Campbell*, 123 S.Ct 1513, 1520-26 (2003).

If you have answered "Yes" to Question No. 1, then answer the following question. Otherwise, STOP.

**QUESTION NO. 20: (Malice for Exemplary Damages)**

Do you find by clear and convincing evidence that the harm to O'Grady resulted from malice?

"Clear and convincing evidence" is evidence that produces in your mind a firm belief or conviction as to the matter at issue. This involves a greater degree of persuasion than is necessary to meet the preponderance of the evidence standard; however, proof to an absolute certainty is not required.

"Malice" is not the same thing as "actual malice" that I have defined for you earlier. Malice in this instance means

<blockquote>

(a)     a specific intent by Defendants to cause substantial injury to O'Grady harboring toward him ill will, bad or evil motive; or

(b)     an act or omission by Defendants,

<blockquote>

(i)     which, when viewed objectively from the standpoint of Defendants at the time of its occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and

(ii)    of which Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

</blockquote>

</blockquote>

Answer "Yes" or "No" as to each Defendant

Twentieth Century Fox:          _____

Discovery:                      _____


If you have answered "Yes" to Question No. 20, then answer the following question. Otherwise, STOP.


GIVEN:          _____

REFUSED:        _____

MODIFIED:       _____

Signed the ____ day of _____, 2004.

49

_____
UNITED STATES DISTRICT JUDGE

Texas Pattern Jury Charges PJC 110.33 (2002)(modified); *Moore v. Big Picture Co.*, 828 F.2d 270, 277 (5th Cir. 1987).

If you have answered "Yes" to Question Nos. 1 and 20, then answer the following question. Otherwise, STOP.

## QUESTION NO. 21: (Exemplary Damages)

What sum of money, if any, if paid now in cash, should be assessed against Defendants and awarded to O'Grady as exemplary or "punitive" damages, if any, for the conduct found in response to Question No. 20?

"Exemplary damages" means an amount that you may in your discretion award as a penalty or by way of punishment.

a.   The nature of the wrong.

b.   The character of the conduct involved.

c.   The degree of culpability of Twentieth Century Fox and Discovery.

d.   The situation and sensibilities of the parties concerned.

e.   The extent to which such conduct offends a public sense of justice and propriety.

f.   The net worth of Twentieth Century Fox and Discovery.

Answer in dollars and cents, if any, as to each Defendant.

Twentieth Century Fox:        $_____

Discovery:                    $_____

GIVEN:          _____

REFUSED:        _____

MODIFIED:       _____

Signed the ____ day of _____, 2004.

_____
UNITED STATES DISTRICT JUDGE

Texas Pattern Jury Charges PJC 110.34 (2002)(modified).

51

**INSTRUCTION NO. 16:** **(Prohibition on Double Recovery – Value of Endorsement – Commercial Misappropriation and Unfair Competition)**

Plaintiff may not be allowed double recovery.   He has claims for commercial misappropriation and for unfair competition.  With respect to the claim for misappropriation of good will in his name and likeness, plaintiff may recover damage for the value he would have received for his endorsement if he had sold it on the market as he claims Twentieth Century Fox and/or Discovery did, but he can only be awarded those damages once, in either the commercial misappropriation claim or the unfair competition claim, but not in both.


GIVEN:             _____

REFUSED:          _____

MODIFIED:       _____

Signed the ____ day of _____, 2004.



_____
UNITED STATES DISTRICT JUDGE


*National Bank of Commerce v. Shaklee Corp.*, 503 F. Supp 533, 545 (W.D. Tex 1980).

**INSTRUCTION NO. 17:** (Prohibition on Double Recovery – Value of Endorsement and Lanham Act Profits)

Plaintiff may not be allowed double recovery. He has claims for commercial misappropriation, for violation of the Lanham Act and common law unfair competition. With respect to the claim for misappropriation of good will in his name and likeness, plaintiff may recover damage for the value he would have received for his endorsement if he had sold it on the market as he claims Twentieth Century Fox and/or Discovery did, but he can only be awarded those damages once, in either the Lanham Act claim as an award of Twentieth Century Fox's and/or Discovery's profits, or in the commercial misappropriation/common law unfair competition claims as unjust enrichment, but not in both.

GIVEN: _____

REFUSED: _____

MODIFIED: _____

Signed the ____ day of _____, 2004.

_____
UNITED STATES DISTRICT JUDGE

McCarthy, Rights of Publicity and Privacy, § 11:34; *National Bank of Commerce v. Shaklee Corp.*, 503 F. Supp. 533, 545 (W.D. Tex. 1980); *Big O Tire Dealers, Inc. v. Goodyear Tire & Rubber, Co.*, 408 F. Supp. 1219 (D. Colo. 1976); *Waits v. Frito-Lay, Inc.*, 978 F.2d 1093, 1111 (9th Cir. 1992).